UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 05-cr-10004 PBS |
| | ) | |
| OLEKSIY SHARAPKA | ) | |
| Defendant. | ) | |

MOTION TO EXCLUDE TIME

The United States, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth P. Berman, moves to exclude the period of time commencing on April 13, 2005 and ending on August 2, 2005, and the time period from October 19, 2005 through November 15, 2005.  As grounds therefor, the government states that this time should have been excluded pursuant to 18 U.S.C. §§3161(h)(1)(F), (h)(8)(B)(ii), (h)(8)(A), (h)(1)(I) and (h)(8)(B)(iv).

**Relevant Procedural Background:**

On January 6, 2005, the United States Grand Jury handed down an indictment against the defendant charging him with a single count of access device fraud, in violation of 18 U.S.C. § 1029(a)(3).  The defendant was arraigned on this indictment that same day.  On March 7, 2005, Magistrate Judge Joyce London Alexander entered an order excluding the time period from January 6, 2003 through April 13, 2005 from the period in which a trial must commence pursuant to 18 U.S.C. §3161 (h)(8)(A).

On April 13, 2005, that defendant appeared before Judge Joyce London Alexander for an interim status conference.  At that conference, and again during a final status conference held on May 19, 2005, Judge Alexander, at the request of the defendant, set a dispositive motion schedule, requiring that defense motions be filed by June 2, 2005.  At these hearings, the

defendant, through his counsel, George Gormley, Esq., agreed to exclude this period of time from the speedy trial clock, pursuant to 18 U.S.C. §§3161 (h)(1)(F) and (h)(8)(A).

On or about June 2, 2005, George Gormley, then the defendant's counsel, notified the undersigned that he had been informed by the defendant that the defendant no longer wished to have Mr. Gormley represent him in this matter, and that the defendant had engaged a different counsel. As a consequence, Mr. Gormley informed the undersigned that Mr. Scharapka had terminated Mr. Gormley's representation of his interests and accordingly Mr. Gormley would not be filing motions on the defendant's behalf, and instead expected that these motions would be filed by defendant's new counsel.

During the time period between June 2, 2005 and August 12, 2005, the undersigned had several conversations with Mr. Gormley, Christie Charles, Esq., an attorney who works with Mr. Gormley, as well as R. Bradford Bailey, Esq., regarding the defendant's retention of R. Bradford Bailey and his law firm, Denner, O'Malley, LLP, to represent the defendant. Throughout this time period, the undersigned was repeatedly told by Mr. Gormley, Ms. Charles and Mr. Bailey that the defendant had decided to retain Denner, O'Malley, LLP, but that because the law firm had not received its retainer fee, it would not yet enter a formal appearance in the case. As a consequence, the undersigned was informed that Mr. Gormley was no longer authorized to act on the defendant's behalf. The undersigned also had several discussion with Mr. Bailey during this period regarding a possible disposition of this matter.

On August 2, 2005, Francisco J. Fernandez, an attorney with Denner, O'Malley, filed a notice of appearance in this case. On August 3, 2005, George Gormley filed a motion to withdraw as attorney in this matter. On August 12, 2005, R. Bradford Bailey also filed an notice of appearance in this case.

On August 16, 2005, the Hon. Patti B. Saris entered an order excluding the period from August 16, 2005 through September 12, 2005 from the speedy trial clock calculation.

On October 19, 2005, after the defendant informed the undersigned and the Court that he intended to plead guilty in this case, a Rule 11 hearing was set for November 10, 2005. This hearing was later rescheduled for November 15, 2005.

On October 19, 2005, the United States Grand Jury handed down a ten count superseding indictment in this matter, charging the defendant with five counts of mail fraud in violation of 18 U.S.C. §1341, one count of identity fraud in violation of 18 U.S.C. §1028(a)(3), one count of access device fraud in violation of 18 U.S.C. §1029(a)(3) (the same count as appeared in the original indictment); one count of possession of device making equipment in violation of 18 U.S.C. §1029(a)(4), and two counts of aggravated identity theft in violation of 18 U.S.C. §1028A.[1]

On November 15, 2005, the defendant was arraigned on the superseding indictment. The defendant did not plead guilty on that day as had been expected, and instead a trial was scheduled for December 19, 2005.

**Specific Time Periods:**

    A.    <u>April 13, 2005 through June 2, 2005</u>:

This time period should be excluded from the speedy trial clock pursuant to 18 U.S.C. §§3161 (h)(1)(F) (delay resulting from filing of motions) and (h)(8)(A) (delay in the interests of justice). This period was set aside, at the request of the defendant, by the Hon. Joyce London Alexander for the defendant to file dispositive motions. Moreover, during the hearing on this

---

[1] The speedy trial clock on the nine new counts in the superseding indictment only began on November 15, 2005, the date the defendant was arraigned on the superseding indictment.

matter, the defendant's attorney, George Gormley assented in court to the exclusion of this time.

  B. <u>June 2, 2005 through August 2, 2005</u>:

This period should be excluded from the speedy trial clock pursuant to 18 U.S.C. §§3161 (h)(8)(A) (delay in the interest of justice) and (h)(8)(b)(iv) (delay to allow the defendant to obtain counsel). During this time period, the attorney for the defendant, George Gormley, repeatedly informed the undersigned that he could not file motions on the defendant's behalf or otherwise work on the case because he had been fired by the defendant and the defendant had decided to retain the law firm of Denner, O'Malley, who would shortly be filing a notice of appearance in this matter. The undersigned also spoke during this time period with Brad Bailey of Denner, O'Malley who confirmed that he expected to filing a notice of appearance in this matter shortly.

  C. <u>October 19, 2005 through November 15, 2005:</u>

This period of time should be excluded from the speedy trial clock pursuant to 18 U.S.C. §§3161 (h)(1)(F) (delay resulting from filing of a motion), (h)(1)(I) (delay resulting from consideration of a plea by the Court) and (h)(8)(A) (delay in the interest of justice). On or before October 19, 2005, the defendant informed the Court that he intended to plead guilty in this matter. As a consequence, the Court scheduled a Rule 11 hearing.

**Complex Case:**

Regardless of whether the Court excludes the periods of time detailed above, the Court should grant relief pursuant to 18 U.S.C. §3161 (h)(8)(B)(ii) because this is a complex case in which it is unreasonable to expect adequate preparation for the trial within the time limits established by 18 U.S.C. §3161.

The defendant was arrested on November 5, 2004 by the Boston Police Department. A

consent search of his apartment led to the discovery of numerous false and stolen identities, stolen social security numbers, stolen bank account information, stolen credit card numbers, goods fraudulently purchased over the Internet, and computer files, some in Russian, detailing the defendants involvement in a scheme to use fraudulently obtained identity information to purchase goods over the Internet, ship them to various locations in and around Boston, and then resend these goods to various individuals and places in Eastern Europe.  Given the large number of victims, the inherent complications in discovering the ownership of fraudulently obtained credit card and bank account information, the technical nature of examining computer evidence, and the fact that much of the illegal activity involved in this case occurred overseas, this is an unusually complex case.  Consequently, it is appropriate for the Court to grant relief from the speedy trial clock pursuant to 18 U.S.C. §3161 (h)(8)(B)(ii).

      WHEREFORE, the United States respectfully request, under 18 U.S.C. §§3161(h)(1)(F), (h)(8)(B)(ii), (h)(8)(A), (h)(1)(I) and (h)(8)(B)(iv) and §5(c)(1)(A) of Plan for Prompt Disposition of Criminal Cases of this Court, that this Court find, based on the above, that the ends of justice served by granting the requested exclusion outweigh the best interest of the public and the defendant in a speedy trial, and, accordingly, exclude the above period in computing the time within which trial must commence under 18 U.S.C. §3161.

                                 Respectfully Submitted,

                                 MICHAEL J. SULLIVAN
                               United States Attorney
                               By:

                               /s/ Seth P. Berman
                               SETH P. BERMAN
                               Assistant U.S. Attorney
                               (617) 748-3385

November 17, 2005