UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 05-1004-PBS
)
OLEKSIY SHARAPKA )

## DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS AND REQUEST TO ASK SAME ON AN INDIVIDUAL BASIS

The defendant in the above-captioned case hereby moves this Honorable Court to put the following questions to the jury panel **individually**. Grounds for the present request for such individualized questioning are as follows:

A.) Individual voir dire will provide the parties with a much better procedure to determine whether each person stands indifferent or is affected by any bias, prejudice or interest.

B.) Sensitive issues such as some of those suggested below require individual questioning, since collective questioning may not elicit a response from a particular juror simply because he/she may be too embarrassed, shy, or cautious to answer candidly. See **Irvin v. Dowd**, 366 U.S. 717, 728 (1961) ("No doubt each juror was sincere when he said that he would be fair and impartial... but the psychological impact of requiring such a declaration before one's fellows is often its father".) Further, the American Bar Association Project on Minimum Standards for Criminal Justice recommends questioning jurors individually, "outside the presence of other chosen and prospective jurors" in criminal cases where "questions of possible prejudice are raised." *ABA Standards for Criminal Justice 8-3.5 (1980).*

The questions are as follows:

1) Have you seen, heard, or read anything about this case?

2) Have you, your spouse, any member of your family or any close friend ever been a victim of a crime involving a fraudulent use of a credit card or personal information?

3) Do you have any strongly-held opinions about identity theft or credit card fraud that might cause you to be unfair or prevent you from being impartial in this case?

4) Have any newspaper articles, television reports, or media coverage about crimes of identity theft affected you in a way which would make it difficult for you to fairly and impartially decide this case solely upon the evidence produced at trial?

5) Are you now, or have you ever been a member of a neighborhood watch group, an anti crime task force, or any similar organization?

6) Would you tend to believe or give more weight to the testimony of a Law enforcement officer such as a police officer and/or FBI agent rather than a civilian witness simply because he/she is a law enforcement officer?

7) Do you now or have you in the past, worked for any local, state, or federal law enforcement agency?  Do you have any relatives, close friends, or neighbors who presently work for, or who have in the past, worked for any such law enforcement agency?

8) Have you or any relative, close friend or neighbor ever been a victim of a crime or a witness to a crime?  If so, please describe the crime and state whether such experience would affect your ability, to even the slightest degree, to render a fair and impartial verdict in this case?

9) Mr. Sharapka is from the Ukraine, would this fact cause you to be unfair or prevent you from being impartial in this case?

10) Do you have any opinion about the criminal justice system, defense lawyers, prosecutors, or law enforcement officers that would in any way affect your ability to render a fair and impartial verdict in this case?

11) The defendant is presumed innocent as he stands before you today. Do you have any feelings that suggest to you that had the defendant done nothing wrong he would not be before you today as a defendant?

12) Do you have any feelings that suggest to you that, in order to find the defendant not guilty, he must prove to you that he is not guilty?

13) Do you understand that you would be following the law by finding the defendant not guilty in this case if you believed the evidence presented by the prosecution relating to that defendant did not prove to you that he was guilty beyond a reasonable doubt regardless of the prosecution's efforts?

14) Do you understand that you are required to find the defendant not guilty if you believe that the evidence presented against him by the prosecution fails to prove his guilt beyond a reasonable doubt?

15) Are you willing to accept the rule that the defendant is presumed innocent and remains so until the jury unanimously agrees, during deliberations, that the government has proved each and every element of every charge against him beyond a reasonable doubt?

November 22, 2005                                    Respectfully submitted,

/S/ Frank Fernandez

Frank Fernandez Esq.
Denner Associates
Four Longfellow Place, 35th Floor
Boston, MA 02114

CERTIFICATE OF SERVICE

    I, Frank Fernandez, attorney for the Defendant in the above-captioned action, do hereby certify that on this 22nd day of November, 2005, a true and exact copy of the foregoing document was served upon AUSA Seth Berman, by hand.

/S/ Frank Fernandez
Frank Fernandez