UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Crim. No. 05-cr-10004 PBS |
| ) | |
| OLEKSIY SHARAPKA ) | |
|   Defendant.   ) | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

Pursuant to Fed. R. Crim. P. 30, the United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth P. Berman, hereby submits its request for jury instructions in the above-captioned matter. The government reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's requested instructions.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney


               By:  /s/ Seth P. Berman
                   SETH P. BERMAN
                   Assistant U.S. Attorney

Dated: November 22, 2005

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by causing it to be electronically filed and electronically mailed to the defendant's attorney of record, Francisco Fernandez, Esq.

This 22nd day of November 2005.


/s/ Seth P. Berman
SETH P. BERMAN
Assistant U.S. Attorney

**TABLE OF CONTENTS**

| INSTRUCTION NO. | DESCRIPTION |
|---|---|
| 1 | ELEMENTS OF MAIL FRAUD |
| 2 | MAIL FRAUD DEFINITIONS |
| 3 | ELEMENTS OF IDENTITY THEFT |
| 4 | IDENTITY THEFT DEFINITIONS |
| 5 | ELEMENTS OF ACCESS DEVICE FRAUD |
| 6 | ACCESS DEVICE FRAUD DEFINITIONS |
| 7 | ELEMENTS OF POSSESSION OF DEVICE-MAKING EQUIPMENT |
| 8 | POSSESSION OF DEVICE-MAKING EQUIPMENT DEFINITIONS |
| 9 | ELEMENTS OF AGGRAVATED IDENTITY THEFT |
| 10 | AGGRAVATED IDENTITY THEFT DEFINITIONS |

**JURY INSTRUCTION NO. 1**
**Title 18, United States Code, §1341**
**ELEMENTS OF MAIL FRAUD**

The defendant is charged in Counts One through Five of the indictment with violating the federal statute making mail fraud illegal.

For you to find the defendant guilty of mail fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

Second, defendant's knowing and willful participation in this scheme with the intent to defraud or to obtain money or property by means of false or fraudulent pretenses; and

Third, the use of the United States mail or common commercial carrier, such as UPS, Federal Express, or Airborne Express, on or about the date charged, in furtherance of this scheme.

## JURY INSTRUCTION NO. 2
### Title 18, United States Code, §1341
### MAIL FRAUD DEFINITIONS

A scheme includes any plan, pattern or course of action. The term "defraud" means to deprive another of something of value by means of deception or cheating. A scheme to defraud is ordinarily accompanied by a desire or purpose to bring about some gain or benefit to oneself or some other person or by a desire or purpose to cause some loss to some person. It includes a scheme to deprive another of the intangible right of honest services.

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decisionmaker to whom it was addressed.

Defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Thus, if defendant acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

To act with "intent to defraud" means to act willfully and with the specific intent to

deceive or cheat for the purpose of either causing some financial loss to another or bringing about some financial gain to oneself. Thus, if defendant acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by defendant and all other facts and circumstances received in evidence that may aid in your determination of defendant's knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the material transmitted by mail was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that defendant knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mail on or about the date alleged was closely related to the scheme because defendant either received something in the mail or caused it to be mailed in an attempt to execute or carry out the scheme. To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

# JURY INSTRUCTION NO. 3
## Title 18, United States Code, §1028(a)(3)
## ELEMENTS OF IDENTITY THEFT

The defendant is charged in Count Six of the indictment with violating the federal statute making it a crime to knowingly possess with intent to use or transfer unlawfully five or more false identification documents, such possession being in or affecting interstate or foreign commerce.

For you to find the defendant guilty of identity theft, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, the Defendant possessed five or more false identification documents at the same time;

Second, the Defendant did so knowingly and willfully with the intent to unlawfully use or unlawfully transfer the false identification documents; and

Third, the Defendant's possession of the false identification documents was in or affecting interstate or foreign commerce.

**JURY INSTRUCTION NO. 4**
**Title 18, United States Code, §1028(a)(3)**
**IDENTITY THEFT DEFINITIONS**

The intent to use unlawfully is the intent to use the documents during the course of a fraud or other crime.

The intent to transfer false identification documents unlawfully is the intent to sell, pledge, distribute, give, loan or otherwise transfer false identification documents knowing that such documents were produced without lawful authority.

A "false identification document" means a document of a type commonly accepted for purposes of identification of individuals that is not issued by or under the authority of a governmental entity, but appears to be issued by or under the authority of a State or a political subdivision of a State.

The term "interstate commerce" refers to any transaction or event that involves travel or transportation between a place in one state and a place in another state.

The term "foreign commerce" refers to any transaction or event that involves travel or transportation between a place in the United States and a place outside the United States.

Conduct "affects" interstate or foreign commerce if the conduct has a demonstrated connection or link with such commerce. It is not necessary for the government to prove that defendant knew or intended that his conduct would affect commerce; it is only necessary that the natural consequences of his conduct affected commerce in some way.

**JURY INSTRUCTION NO. 5**
**Title 18, United States Code, §1029(a)(3)**
**ELEMENTS OF ACCESS DEVICES FRAUD**

The defendant is charged in Count Seven of the indictment with violating the federal statute making it a crime for anyone to knowingly possess with intent to defraud fifteen or more access devices, such as credit cards, bank cards, or ATM cards, which were counterfeit or unauthorized, such possession being in or affecting interstate or foreign commerce.

For you to find the defendant guilty of access device fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, the defendant knowingly possessed at least fifteen counterfeit or unauthorized access devices at the same time;

Second, the defendant knew that the devices were counterfeit or unauthorized;

Third, the defendant acted with the intent to defraud; and

Fourth, the defendant's possession of the counterfeit or unauthorized access devices was in or affecting interstate or foreign commerce.

# JURY INSTRUCTION NO. 6
## Title 18, United States Code, §1029(a)(3)
## ACCESS DEVICE FRAUD DEFINITIONS

The term "access device" means any card, plate, code, account number or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services or any other thing of value, or that can be used to initiate a transfer of funds other than a transfer originated solely by paper instrument. It includes credit cards, bank cards and ATM cards.

The term "unauthorized access device" includes any access device or credit card that is lost, stolen, expired, revoked, canceled or obtained with intent to defraud.

The term "counterfeit access device" includes any item that appears to be a legitimate access device or credit card, but was not issued by the purported issuer.

Defendant acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

To act with "intent to defraud" means to act with the intent to deceive or cheat someone. Good faith on the part of defendant is a complete defense to a charge of credit card fraud. If defendant actually believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime. An honest mistake in judgment does not rise to the level of criminal conduct. A defendant does not act in good faith if, even though he honestly holds a certain opinion or belief, he also acted with the purpose of deceiving others. While the term good faith has no precise definition, it means among other things a belief or opinion honestly held, an absence of malice or ill will, and an intention to avoid taking unfair advantage of another. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt. The defendant is under no

obligation to prove good faith.

Conduct "affects" interstate or foreign commerce if the conduct has a demonstrated connection or link with such commerce. It is not necessary for the government to prove that defendant knew or intended that his conduct would affect commerce; it is only necessary that the natural consequences of his conduct affected commerce in some way.

**JURY INSTRUCTION NO. 7**
**Title 18, United States Code, §1029(a)(4)**
**ELEMENTS OF POSSESSION OF DEVICE-MAKING EQUIPMENT**

The defendant is charged in Count Eight of the indictment with violating the federal statute making it a crime to knowingly possess with the intent to defraud access device-making equipment, such possession being in or affecting interstate or foreign commerce.

For you to find the defendant guilty of possession of device-making equipment, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, the defendant knowingly possessed device-making equipment;

Second, the defendant acted with intent to defraud; and

Third, the defendant's possession of device-making equipment was in or affecting interstate or foreign commerce.

## JURY INSTRUCTION NO. 8
## Title 18, United States Code, §1029(a)(4)
## POSSESSION OF DEVICE-MAKING EQUIPMENT DEFINITIONS

"Device-making equipment" is any equipment, mechanism, or impression designed or primarily used for making an access device or a counterfeit access device.

**JURY INSTRUCTION NO. 9**
**Title 18, United States Code, §1028A**
**ELEMENTS OF AGGRAVATED IDENTITY THEFT**

The defendant is charged in Counts Nine and Ten of the Indictment with knowingly transferring, possessing, and using, without lawful authority, a means of identification of another person during and in relation to mail fraud, in violation of 18 U.S.C. §1341, identity theft, in violation of 18 U.S.C. §1028(a)(3), and access device fraud, in violation of 18 U.S.C. §1029(a)(3).

For you to find the defendant guilty of aggravated identity theft, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, the defendant knowingly transferred, possessed, or used, without lawful authority, a means of identification of another person; and

Second, the defendant transferred, possessed, or used the means of identification of another person during and in relation to violations of mail fraud, identity theft, or access device fraud.

# JURY INSTRUCTION NO. 10
## Title 18, United States Code, §1028A
### AGGRAVATED IDENTITY THEFT DEFINITIONS

A "means of identification" is any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any name, date of birth, social security number, mother's maiden name, credit card number, bank account number, or personal identification number.

The defendant acted "knowingly" as that term has been used in the indictment and in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

In order for you to find that the defendant acted "during and in relation to" an offense, you must find that the unauthorized transfer, possession, or use of the means of identification facilitated or played a role in the offense.

You may use the Court's definitions of the elements of the offenses of mail fraud, identity fraud, and access device fraud as explained to you earlier in considering whether the defendant's actions facilitated or played a role in the offense, keeping in mind that to find the defendant guilty of aggravated identity theft you must find that the transfer, possession, and use of the means of identification was during and in relation to these offenses, and not merely that the defendant committed these offenses.

You may find the defendant guilty of aggravated identity theft if you believe that the transfer, possession, and use of the means of identification occurred during and in relation to the commission of any mail fraud, identity fraud, and access device defraud, not merely the specific counts of mail fraud, identity fraud, and access device defraud charged in the indictment.