UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | Crim. No. 05-cr-10004 PBS |
| ) | |
| OLEKSIY SHARAPKA ) | |
|     Defendant.   ) | |

## GOVERNMENT'S TRIAL BRIEF

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth P. Berman, respectfully submits this trial brief to assist the Court during the upcoming trial of the above-captioned matter, which is scheduled for December 19, 2005. The trial is expected to last for approximately five days. The defendant is represented by Francisco Fernando, Esq.

The defendant is charged in a ten count superseding indictment with five counts of mail fraud in violation of 18 U.S.C. § 1341, one count of possession of five or more identity documents with intent to defraud in violation of 18 U.S.C. § 1028(a)(3), one count of possession of 15 or more access devices in violation of 18 U.S.C. § 1029(a)(3); one count of possession of device making equipment in violation of 18 U.S.C. § 1029(a)(4); and two counts of aggravated identity theft in violation of 18 U.S.C. § 1028A.

## Summary of Facts

In or about November 2004, members of the identity fraud task force, including Postal Inspectors and Boston Police Department officers, learned that several items had been purchased over the internet using stolen credit card and other identity information and were being shipped to a Mail Boxes, Etc. ("MBE") location in Boston. The officers staked out the MBE location

and, on November 5, 2004, observed Heath Kennedy picking up the package. Kennedy was stopped, and he immediately agreed to cooperate by delivering the package to the defendant, who he said had paid him to collect the package. The officers and agents then observed as Kennedy delivered the package to the defendant. The defendant took the package and paid Kennedy.

The agents and officers immediately stopped the defendant, who was standing on the street near his home. The defendant, who identified himself to the agents and officers as Andrew Schwamkoff, invited the officers inside his home, and consented to a search of his apartment. Inside the apartment, the officers found numerous packages containing items purchased over the internet using stolen credit card information, over fifty blank cards with magnetic strips that had been encoded with bank account information, numerous credit cards and bank cards in various people's names, over 25 counterfeit licenses, more than five of which had the defendant's photograph and the identity information of various other individuals, more than $14,000 in cash, a computer that was attached to a manual magnetic swipe card reader/writer (a device that allows a user to read or encode information on the magnetic strip fo credit cards), and many other items.

The defendant then agreed to talk to Postal Inspector Paul Chisolm and Boston Police Officer Stephen Blair. After waiving his Miranda rights, the defendant admitted that many of the fraudulently obtained packages were his. The others belonged to someone else for whom he was a "middleman." Portions of the defendant's statement and the search of his residence were audio and videotaped.

On November 7, 2004, after again waiving his Miranda rights and his right to a prompt arraignment, the defendant spoke to two additional investigators, FBI Special Agent Anthony

Rinchuiso and Task Force Officer Val Krishtal. At that time, the defendant admitted that he was not Andrew Schwankoff, he was really Oleksiy Sharapka. He admitted that he had been using the name Andrew Schwankoff for only a few days. He said he learned about the identity from a friend on the internet. The defendant also admitted that he had used the name Alexis Llanos, and several other names that he could not remember. He stated that these other names could be found on the cards that the Boston Police confiscated when he was arrested on November 5, 2004. The defendant also admitted to having mailboxes at numerous MBE locations under the names Alexi Llanos and Andrew Schwankoff, and he admitted that he received packages at MBE locations on Commonwealth Avenue, Tremont Street and Newbury Street. The defendant further admitted wiring money to associates in Eastern Europe, and receiving wire transfers from them. He also admitted using fraudulent credit cards to purchase laptops, cameras and other appliance so that he could ship these goods to Russia. He admitted using Citizens Bank acconts to further his fraudulent activities. The defendant also stated that it was "quite possible" that he had used the fraudulent ATM cards found in his apartment to withdraw money from ATM machines. He also stated that he was fully aware that his activities were illegal.

During the course of this conversation, the defendant also admitted that he had been arrested in Georgia on federal charges similar to the charges in the instant case, and fled Georgia prior to his arrest in Boston. During the course of his Georgia arrest (prior to his flight) the defendant made similar kinds of incriminating statements to the federal agents investigating that case.

A subsequent search of the defendant's computer revealed stolen identity information, including the identity information of Alexis Llanos and Andrew Schwankoff, information about

items fraudulent purchased and delivered to various addresses in and around Boston, numerous fraudulent credit cards, bank account ATM card numbers and personal identification numbers (PINs), internet chat related to the perpetuation of the fraudulent scheme, and other relevant documents.

## ANTICIPATED EVIDENCE AT TRIAL

The government will offer the testimony of several agents and police officers involved in locating and apprehending the defendant, searching his apartment, and interviewing him. Through these witnesses, the government will introduce the documents, fraudulent credit cards, ATM cards, stolen items, forged driver's licenses and other evidence found in the defendant's apartment. The government will also offer the testimony of the United States Secret Service Special Agent who conducted a forensic examination of the defendant's computer and the magnetic strips of the credit cards and ATM cards found at the defendant's home. This agent will also explain to the jury what a magnetic strip read/writer is, and how the defendant's read/writer worked.

The government will also seek to introduce documents from MBE showing that the defendant rented mailboxes at the MBE locations listed in the indictment using a forged license in the name of Alexis Llanos but with the defendant's photograph on it. The government may also offer testimony of MBE employees regarding their interactions with the defendant. The government will also seek to introduce business record of Federal Express, Airborne Express, and United Parcel Service (UPS), as well as the records of other companies, to demonstrate that each of the specific items listed in counts one through five of the indictment (the mail fraud counts) were shipped on the dates listed in the indictment, in the manner indicated on the

indictment.

The government will also offer the testimony of the identity theft victims and the individual credit card victims to state that the defendant did not have their permission to use their identities and/or credit cards or other personal information.

The government may seek to introduce, pursuant to Federal Rule of Evidence 404(b), the testimony of the agents involved in the defendant's arrest in Atlanta, and his statements to agents in Atlanta regarding his conduct there (conduct that is very similar to the conduct for which he was arrested in the instant matter).  This evidence will be offered to show the defendant's motive, intent, plan, knowledge, and the absence of mistake or accident.

Finally, the government will offer evidence to show that the access devices and licenses in the defendant's possession were fraudulent, forged, altered, lost stolen, expired, revoked, canceled, or obtained with intent to defraud.

## EVIDENTIARY ISSUES

The defendant has not challenged the admissibility of the defendant's statements to the agents and officers on November 5, 2005 or on November 7, 2005, nor the admissibility of any of the items found in the defendant's apartment on November 5, 2005 or on his computer.

Defendant has filed a motion in limine seeking to exclude evidence relating to the Atlanta arrest. That motion will be addressed in a subsequent filing by the government. The government is not aware of any other evidentiary issues related to this case.

    Respectfully submitted,

    MICHAEL J. SULLIVAN
    United States Attorney

By:   /s/ Seth P. Berman
    SETH P. BERMAN
    Assistant U.S. Attorney

Dated:   November 22, 2005