UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
In Open Court
USDC, Mass.
Date 12-13-05
By _____

UNITED STATES OF AMERICA    )
                            )
v.                          )    CRIMINAL NO. 05-10004-PBS
                            )
OLEKSIY SHARAPKA            )

### DEFENDANT'S MOTION TO DISMISS SUPERCEDING INDICTMENT

The Defendant, Oleksiy Sharapka (the "Defendant"), by and through undersigned counsel, moves this Honorable Court to dismiss the superceding indictment. An affidavit of the defendant related to this motion is attached hereto as exhibit 1. The defendant believes the superceding indictment should be dismissed for the following reasons:

A. The defendant entered into a proffer agreement with the Government, attached hereto as exhibit 2. His understanding of the agreement as explained to him by his attorney, George Gormley at the time, was that for his truthful information related to the offense the Government would agree not to bring any further charges in the form of a superceding indictment. The defendant proceeded to disclose all he knew as to his involvement with this case and the manner in which and with whom his fraudulent activities took place. The Government has since made clear that they do not consider his proffers to amount to substantial assistance and the defendant was arraigned on a superceding indictment containing new charges related to his conduct. The proffer agreement does not contain any language barring a superceding indictment based on the defendant's willingness to speak. This is the understanding of the agreement by the defendant as told to him by his attorney at the time. In the *United States v. De-La-Cruz Castro*, 299 F. 3d. 5, (1st Cir. 2002), the Court of Appeals addressed the issue of a defendant attempting

to attack his plea agreement based on breach of an oral agreement outside of the written plea agreement. Although not addressed in the plea agreement the defendant in *De-La-Cruz* Castro believed a departure under the "safety valve" was orally agreed to by the Government whether the defendant proffered himself or not. The defendant did not proffer himself and the Government considered the "safety valve" departure inapplicable and the court did not depart based on it. Since a valid waiver of appeal was included in the plea agreement the Court reviewed this issue under the strict standard of whether a miscarriage of justice took place. The Court relies on the plea agreement's integration clause where it states: the written agreement is the complete agreement and no further promises outside the agreement have been made. Based on this the Court did not honor the defendant's claim of an oral agreement and found no further reason to continue with a miscarriage of justice analysis. The valid waiver of appeal was enforced.

Sharapka raises this issue at a time where the Court can still question whether such an oral agreement was ever entered into by the Government. Although an integration clause is included in the proffer agreement, it is Sharapka's contention that an oral agreement was also made.

     B.     Aggravated Identity Theft, 18 U.S.C. §1028A, Counts Nine and Ten of the superceding indictment, is a statute enacted on July 15, 2004. The defendant's course of conduct in this case spanned before and after the date of this statute's enactment. The statute requires possession of a false identity in connection with a violation of, in this case, either 18 U.S.C. §1341 (Mail Fraud), §1028 (a)(3) (Identity Document Fraud), or §1029 (a)(3)(Access Device Fraud). Since the defendant's course of conduct in relation to the underlying fraud began prior to enactment of the statute, it is requested that counts nine and ten be found not to be in effect at the time of the defendant's offense and be dismissed.

Dated: December 12, 2005

Respectfully submitted,
Oleksiy Sharapka,
By his attorney,

*/s/ Francisco Fernandez*
Francisco Fernandez
Denner Associates P.C.
Four Longfellow Place, 35th Floor
Boston, MA 02114

## CERTIFICATE OF SERVICE

I, Frank Fernandez, attorney for the Defendant in the above-captioned action, do hereby certify that on December 12, 2005, a true and exact copy of the foregoing Motion was served, by hand, to AUSA Seth Berman.

*/s/ Frank Fernandez*
Frank Fernandez

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                        ) | CRIMINAL NO. 05-10004-PBS |
| ) | |
| OLEKSIY SHARAPKA          ) | |

**AFFIDAVIT IN SUPPORT OF MOTION TO**
**DISMISS SUPERCEDING INDICTMENT**

I, Oleksiy Sharapka, ("Sharapka"), depose and state the following:

1. I am the Defendant in the above-captioned matter.

2. On January 31, 2005, I entered a proffer agreement with the Government while being represented by Attorney George Gormley.

3. I was explained by Mr. Gormley that the Government agreed that if I shared all that I know as to my role and that of others in relation to this case a superceding indictment would not be issued against me.

4. I shared everything I knew in relation to this case over the span of several meetings with the Government based on the belief that a superceding indictment with additional charges would not be filed based on my sharing of such information.

SIGNED UNDER THE PENALTIES OF PERJURY THIS _____ DAY OF December, 2005.

/S/ Oleksiy Sharapaka
Oleksiy Sharapka

1



U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

January 31, 2005

George F. Gormley, Esq.
655 Summer Street
Boston, MA 02210

    Re:   <u>United States v. Oleksiy Sharapka</u>
           Criminal Number 05-10004-PBS

Dear Sir:

    This letter confirms that the United States Attorney for the District of Massachusetts will consider an accurate and complete proffer from your client, Oleksiy Sharapka (hereinafter "Sharapka"), in connection with an investigation of mail fraud, wire fraud, access device fraud, and identity theft. The terms under which the contemplated proffer will be received are as follows:

    1.   No statements made or other information provided by Sharapka will be used by the United States Attorney directly against him, except for purposes of cross-examination and/or impeachment should he offer in any proceeding statements or information different from statements made or information provided by him during the proffer, or in a prosecution of Sharapka based on false statements made or false information provided by Sharapka.

    2.   The government may make derivative use of, or may pursue any investigative leads suggested by, any statements made or other information provided by Sharapka in the course of the proffer. Any evidence directly or indirectly derived from the proffer may be used against him and others in any criminal case or other proceeding. This provision is necessary in order to eliminate the possibility of a hearing at which the government would have to prove that the evidence it would introduce is not tainted by any statements made or other information provided during the proffer. See <u>Kastigar v. United States</u>, 406 U.S. 441 (1972).

Sharapka Proffer Letter
Page 2

    3. Sharapka acknowledges that the making of a proffer pursuant to this agreement does not constitute substantial assistance within the meaning of 18 U.S.C. §3553(e) or §5K1.1 of the United States Sentencing Guidelines and does not provide a basis for a departure from an otherwise applicable minimum mandatory sentence or Sentencing Guideline range.

    The United States Attorney is not hereby agreeing that he will subsequently enter into a plea or immunity agreement with your client. The foregoing is the complete agreement between your client and the United States Attorney with regard to your client's proffer.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
STEPHEN P. HEYMANN
ALLISON D. BURROUGHS
JEFFREY AUERHAHN
Assistant U.S. Attorneys

Acknowledged and agreed to:

_____  1-31-05
OLEKSIY SHARAPKA        DATE

_____  1-31-05
GEORGE F. GORMLEY, Esq. DATE
Counsel for SHARAPKA