UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10004-PBS |
| | ) | |
| OLEKSIY SHARAPKA | ) | |

## DEFENDANT'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SUPERCEDING INDICTMENT

The Defendant, Oleksiy Sharapka (the "Defendant"), by and through undersigned counsel, submits this memorandum in support of dismissing certain charges in the Superceding Indictment in that information from the defendant's  immunized proffer sessions was used directly against him.  The proffer agreement, drafted by the government, which was presented and discussed with the Court, is ambiguous in that: Paragraph 1 states no "information" provided will be used directly against the defendant (except for purposes of cross examination) yet Paragraph 2 states the Government may use "any evidence" directly or indirectly derived from the proffer against the defendant.

> Informal promises of immunity have been recognized and enforced in a variety of circumstances short of the defendant's having claimed the Fifth Amendment privilege…Since these immunity-in-exchange-for-cooperation agreements are in the nature of contracts, their scope and effects are strongly influenced by contract law principles.

United States v. Mclaughlin, 957 F. 2d 12, 16 (1st Cir. 1992).  Contract principles require a contract to be construed strictly against the party who has drafted it, in this case the government.

The defendant contends information shared in his proffers was directly used to form the basis of certain additional charges in the superceding indictment. The government, in its

memorandum in opposition, points to the defendant's confessions and the items, including the

laptop, recovered upon his arrest as independent sources for each charge. Although items

recovered upon the defendant's arrest and his confession precede his proffers, it is the defendants

contention that but for the specificity provided in the proffers as to the complicated nature of the

scheme and the manner and location of stored electronic information the government would not

have been able to develop the evidence that form the basis for certain charges. [1]  The notes

provided by the Government agents summarizing the three proffer sessions do not include all the

information provided by the defendant in those interviews.  (Please see defendant's affidavit

attached hereto as exhibit 1).

The defendant challenges Count Seven 18 U.S.C. §1029(a) (3) charging Possession, with

intent to defraud, fifteen or more access devices.  The 59 white cards seized contained a series of

numbers which but for the defendants proffer explanation as to how these possible account

numbers were attempted to be uncovered through a complicated program, would have never been

able to be identified by the government as "access devices".[2](See defendant's affidavit)  The

numbers on the cards would not have been identifiable as potential accounts but for the

defendant proffered explanation.

The defendant challenges Counts nine and ten 18 U.S.C. §1028(a) charging Aggravated

Identity Theft.  The details of these names such as social security numbers and addresses are

needed in proving that these are actual identities.  These charges are challenged on the same

grounds stated above, but for the defendant's providing proffered information as to the electronic

---

1 This argument is especially relevant to the issue of the amount of loss attributable to the defendant under the
Guidelines.  The defendant expects to later detail in his own submission of course of conduct and in his sentencing
memorandum that information leading to loss amounts garnered solely through his proffers should not be included in
his guideline calculation.  The defendant will limit his argument in this memorandum to proffered information
forming the basis for specific charges.
2 18 U.S.C. §1029(a)(10)(e)(1) defines "access device" to mean any card, plate, code, account number, electronic
serial number, mobile identification number, personal identification number, or other telecommunication service,
equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with
another access device, to obtain money goods, services, or any other thing of value, or that can be used to initiate a
transfer of funds(other than a transfer originated solely by paper instrument.

location of the details related to these names such as social security numbers and addresses, as well as providing information as to how and when he came into possession of these identities, the government would not have discovered this necessary information on its own.

For the reasons stated above and supported by the defendant's affidavit it is respectfully requested that the mentioned counts be dismissed.

Dated: January 11, 2006

Respectfully submitted,
Oleksiy Sharapka,
By his attorney,

/S/ Frank Fernandez

Francisco Fernandez
Denner Associates P.C.
Four Longfellow Place, 35th Floor
Boston, MA 02114

## CERTIFICATE OF SERVICE

I, Frank Fernandez, attorney for the Defendant in the above-captioned action, do hereby certify that on January 11, 2006, a true and exact copy of the foregoing Memorandum was served, by e-mail, to AUSA Seth Berman.

/S/ Frank Fernandez

Frank Fernandez

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-10004-PBS |
| | ) | |
| OLEKSIY SHARAPKA | ) | |

**AFFIDAVIT IN SUPPORT OF SUPPLEMENTAL MEMORANDUM
RELATED TO MOTION TO DISMISS SUPERCEDING INDICTMENT**

I, Oleksiy Sharapka, ("Sharapka"), depose and state the following:

1.   I am the Defendant in the above-captioned matter.

2.   The notes of the agents with regard to the information provided during my proffer sessions are incomplete in that a large amount of information provided is not mentioned.

3.   I do not have any specific notes of my own or taken by my counsel which document in detail the information provided by me at the proffers.

4.   The Government has not provided information available or used to obtain the original indictment thus making it difficult to potentially compare what information was actually uncovered prior to my proffers.

5.   My proffer sessions were lengthy and the information I provided as to the scheme and its methods of operation was detailed. During one of my last proffer sessions we spent several hours going through electronic files on my laptop computer

containing account information as well as print outs of other
information on the computer.  I explained to the government where
and what this information was, how it could be identified and
used or problems in its use. We addressed the white cards and
other electronic files containing large amounts of potential
account numbers.  I explained how I tried to crack only a portion
of these potential accounts and passwords through a complicated
program and process with only limited success.

    6.   I provided the electronic location of information
relating to the names Alexis Llanos and Andrew Schwankoff,
specifically, where their social security numbers and addresses
were located. I also provided information as to how and when I
came into possession of these identities.

    6.   This affidavit does not detail all the information
provided in my proffers.  I provided details as to the location
of information related to numbers that were potential accounts,
including "Sears" cards, mail drop locations other than mail
boxes etc. used by myself and others, and account information
belonging to others. None of this would have been clear or
available to the government but for my sharing it in my proffers.
SIGNED UNDER THE PENALTIES OF PERJURY THIS 11th DAY OF January,
2006.

/S/ Oleksiy Sharapka*
Oleksiy Sharapka
*signed original to be
provided shortly