UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OLEKSIY SHARAPKA<br>    a/k/a, Andrew Schwamkoff<br>    a/k/a, Alexis Llanos<br>    a/k/a, Deniss Bobrovski<br><br>    Defendant. | CRIMINAL NO. 05-10004-PBS<br><br>VIOLATIONS:<br><br>18 U.S.C. § 1341 (Mail Fraud)<br>18 U.S.C. § 1028(a)(3) (Possession, with Intent to Use Unlawfully, Five or More False Identification Documents)<br>18 U.S.C. § 1029(a)(3) (Possession, with Intent to Defraud, Fifteen or More False Access Devices)<br>18 U.S.C. § 1029(a)(4) (Possession, with Intent to Defraud, Device-Making Equipment)<br>18 U.S.C. § 1028A (Aggravated Identity Theft)<br>18 U.S.C. § 1503 (Obstruction of Justice)<br>18 U.S.C. § 3147 (Pretrial Release Crime)<br>18 U.S.C. § 2 (Aiding and Abetting)<br>18 U.S.C. § 981 (Forfeiture) |

## **INFORMATION**

THE UNITED STATES ATTORNEY CHARGES THAT:

1.      From on or about May 2004 through on or about June 30, 2004, OLEKSIY

SHARAPKA ("SHARAPKA") lived in and maintained one or more residences in the Northern

District of Georgia.

2.      From on or about July 16, 2004 through on or about November 5, 2004,

OLEKSIY SHARAPKA ("SHARAPKA") lived in and maintained one or more residences in the

District of Massachusetts.

### **GENERAL ALLEGATIONS REGARDING GEORGIA CRIMES**

3.      In or about May 2004, SHARAPKA, along with others unknown to the United

States Attorney, obtained the dates of birth, mothers' maiden names, addresses, social security

numbers, credit cards and bank account information (collectively, "identity information") of over 200 individuals ("identity theft victims").

4.      SHARAPKA, along with others unknown to the United States Attorney, used the stolen identity information to purchase items and to obtain, under the names of identity theft victims, mail boxes and other addresses to which he could have these fraudulently purchased items mailed.

5.      SHARAPKA, working with others known and unknown to the United States Attorney, received numerous shipments containing computer equipment that had been purchased using stolen identity information to various addresses in and around Atlanta, Georgia.

6.      SHARAPKA, along with others unknown to the United States Attorney, then sold these fraudulently purchased items.

7.      On or about May 17, 2004, SHARAPKA was arrested in connection with the above described activity.

8.      Following that arrest, SHARAPKA was charged in the Northern District of Georgia with violating federal law.

9.      On or about June 23, 2004, SHARAPKA was released from pretrial detention by the Honorable C. Christopher Hagy, on conditions that SHARAPKA participate in a home detention program with electronic monitoring, that he not travel outside the Northern District of Georgia, and that he not commit any new federal, state or local crimes.

10.     On and after June 30, 2004, SHARAPKA violated these conditions of release by leaving his home, fleeing from the Northern District of Georgia, and committing new federal crimes, as detailed below.

11.     In total, the Massachusetts scheme resulted in a loss and attempted loss in excess of

$300,000.

## GENERAL ALLEGATIONS REGARDING MASSACHUSETTS CRIMES

12.      From on or about July 16, 2004 through on or about November 5, 2004, SHARAPKA, along with others unknown to the United States Attorney, obtained identity information of numerous individuals.

13.      SHARAPKA, along with others unknown to the United States Attorney, used the stolen bank account numbers and identity information to create bank cards which he used to withdraw and attempt to withdraw money from automatic teller machines in Massachusetts.

14.      SHARAPKA, along with others unknown to the United States Attorney, also used stolen credit card numbers and identity information to purchase items over the internet and ship them to various addresses in Massachusetts.

15.      SHARAPKA, along with others unknown to the United States Attorney, then sold these fraudulently purchased items.

16.      SHARAPKA, along with others unknown to the United States Attorney, used the stolen identity information to obtain, under the names of identity theft victims, mail boxes and other addresses to which he could have fraudulently purchased items mailed.

17.      In total, the Massachusetts scheme resulted in a loss and attempted loss in excess of $400,000.

## COUNT ONE
## MAIL FRAUD
(Mail Fraud - 18 U.S.C. § 1341)

18.    Paragraphs 1 through 10 are realleged and incorporated by reference as though fully set forth herein.

19.    On or about the dates set forth below, in the Northern District of Georgia and elsewhere, the defendant,

> OLEKSIY SHARAPKA, a/k/a, Andrew Schwamkoff, a/k/a,
> Alexis Llanos, a/k/a, Deniss Bobrovski,

having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be deposited matter to be sent and delivered by a private and commercial interstate carrier and did take and receive matter from a private and commercial interstate carrier, for the purpose of executing and attempting to execute the scheme and artifice to defraud, as follows:

| COUNT | DATE (on or about) | MATTER MAILED |
|-------|--------------------|---------------|
| 1 | 5/17/04 | Computer equipment billed to a person with the initials A.J.D., and shipped via Federal Express to 10800 Alpharetta Highway in Roswell, Georgia. |

All in violation of Title 18, United States Code, Sections 1341 and 2.

<u>**COUNTS TWO THROUGH SIX**</u>
**MAIL FRAUD**
(Mail Fraud - 18 U.S.C. § 1341)

20.     Paragraphs 7 through 16 are realleged and incorporated by reference as though fully set forth herein.

21.     On or about the dates set forth below, in the District of Massachusetts and elsewhere, the defendant,

OLEKSIY SHARAPKA, a/k/a, Andrew Schwamkoff, a/k/a, Alexis Llanos, a/k/a, Deniss Bobrovski,

having devised and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, did cause to be deposited matter to be sent and delivered by a private and commercial interstate carrier and did take and receive matter from a private and commercial interstate carrier, for the purpose of executing and attempting to execute the scheme and artifice to defraud, as follows:

| <u>**COUNT**</u> | <u>**DATE**</u><br>**(on or about)** | <u>**MATTER MAILED**</u> |
|---|---|---|
| 2 | 8/24/04 | Five Cybershot Digital Cameras billed to a person with the initials F.W.S. and shipped via Airborne Express to Alexis Llanos at 198 Tremont Street, in Boston, Massachusetts. |
| 3 | 10/18/04 | A Sherling Jacket and pair of black leather boots shipped via Federal Express to a person with the initials A.D. at 8 Barrows Street, Allston, Massachuestts. |
| 4 | 10/22/04 | A Cannon Mini DV Camcorder and other items billed to a person with the initials W.M. and shipped via United Parcel Service ("UPS") to Alexis Llanos at 1085 Commonwealth Avenue in Boston, Massachusetts. |
| 5 | 11/2/04 | A Photosmart 945 Digital Camera billed to a person with the initials R.B. and shipped via Federal Express to Alexis Llanos at 276 Washington Street in Boston, Massachusetts. |
| 6 | 11/4/04 | A Sony DCRH30 Mini DV Camcorder billed to a person with the |

initials G.L.S. and shipped via UPS to Alexis Llanos at 276 Washington Street in Boston, Massachusetts.

All in violation of Title 18, United States Code, Sections 1341, 3147 and 2.

## COUNT SEVEN
(Possession, with Intent to Use Unlawfully,
Five or More False Identification Documents - 18 U.S.C. § 1028(a)(3))

22.     Paragraphs 7 through 16 are realleged and incorporated by reference as though fully set forth herein.

23.     On or about November 5, 2004, in the District of Massachusetts and elsewhere, the defendant,

OLEKSIY SHARAPKA, a/k/a, Andrew Schwamkoff, a/k/a,
Alexis Llanos, a/k/a, Deniss Bobrovski,

did knowingly possess with intent to use unlawfully and transfer unlawfully, in and affecting interstate and foreign commerce, at least five false identification documents, to wit: drivers' licenses bearing the photograph of the defendant and purportedly issued in the names of other individuals.

All in violation of Title 18, United States Code, Sections 1028(a)(3), 3147 and 2.

## COUNT EIGHT
(Possession, with Intent to Defraud, Fifteen or More
Unauthorized Access Devices - 18 U.S.C. § 1029(a)(3))

24.     Paragraphs 1 through 10 are realleged and incorporated by reference as though fully set forth herein.

25.     On or about May 17, 2004, in the Northern District of Georgia and elsewhere, the defendant,

OLEKSIY SHARAPKA, a/k/a, Andrew Schwamkoff, a/k/a,
Alexis Llanos, a/k/a, Deniss Bobrovski,

did knowingly possess with intent to defraud, in and affecting interstate and foreign commerce, at least fifteen devices which were counterfeit and unauthorized access devices.

All in violation of Title 18, United States Code, Sections 1029 (a)(3) and 2.

**COUNT NINE**
(Possession, with Intent to Defraud, Fifteen or More
Unauthorized Access Devices - 18 U.S.C. § 1029(a)(3))

26.     Paragraphs 7 through 16 are realleged and incorporated by reference as though

fully set forth herein.

27.     On or about November 5, 2004, in the District of Massachusetts and elsewhere,

the defendant,

OLEKSIY SHARAPKA, a/k/a, Andrew Schwamkoff, a/k/a,
Alexis Llanos, a/k/a, Deniss Bobrovski,

did knowingly possess with intent to defraud, in and affecting interstate and foreign commerce,

at least fifteen devices which were counterfeit and unauthorized access devices.

All in violation of Title 18, United States Code, Sections 1029 (a)(3), 3147 and 2.

## COUNT TEN
(Possession, with Intent to Defraud, Device-Making
Equipment - 18 U.S.C. § 1029(a)(4))

28.    Paragraphs 7 through 16 are realleged and incorporated by reference as though

fully set forth herein.

29.    On or about November 5, 2004, in the District of Massachusetts and elsewhere,

the defendant,

OLEKSIY SHARAPKA, a/k/a, Andrew Schwamkoff, a/k/a,
Alexis Llanos, a/k/a, Deniss Bobrovski,

did knowingly possess with intent to defraud, in and affecting interstate and foreign commerce,

device-making equipment, to wit: a Manual Magnetic Swipe Card Reader/Writer attached to an

HP Pavillion Laptop computer.

All in violation of Title 18, United States Code, Sections 1029 (a)(4), 3147 and 2.

## COUNTS ELEVEN AND TWELVE
(Aggravated Identity Theft -- 18 U.S.C. Section § 1028A)

30.    Paragraphs 7 through 16 are realleged and incorporated by reference as though fully set forth herein.

31.    On or about November 5, 2004, in the District of Massachusetts and elsewhere, the defendant,

> OLEKSIY SHARAPKA, a/k/a, Andrew Schwamkoff, a/k/a,
> Alexis Llanos, a/k/a, Deniss Bobrovski,

did knowingly, and with intent to defraud, transfer, possess and use, without lawful authority, means of identification of another person, to wit: the name and social security number of the individuals listed below in connection with, and with the intent to commit, and aid and abet in the commission of, one or more violations of 18 U.S.C. § 1341(Mail Fraud), 18 U.S.C. § 1028(a)(3) (Identity Document Fraud), and 18 U.S.C. 1029(a)(3) (Access Device Fraud), as follows:

| COUNT | INDIVIDUALS' INITIALS |
|-------|----------------------|
| 11    | A.L.                 |
| 12    | A.S.                 |

All in violation of Title 18, United States Code, Sections 1028A, 3147 and 2.

## COUNT THIRTEEN
(Obstruction of Justice -- 18 U.S.C. § 1503)

32.     Paragraphs 1 through 10 are realleged and incorporated by reference as though fully set forth herein.

33.     On or about June 30, 2004 through on or about November 5, 2004, in the Northern District of Georgia and elsewhere, the defendant,

OLEKSIY SHARAPKA, a/k/a, Andrew Schwamkoff, a/k/a,
Alexis Llanos, a/k/a, Deniss Bobrovski,

did corruptly impede and endeavor to impede the due administration of justice in United States v. Oleksiy Sharapka, No. 1:04-M-748, in the U.S. District Court for the Northern District of Georgia, by removing without Court authorization his electronic monitoring bracelet, fleeing the Northern District of Georgia, and impeding in case No. 1:04-M-748, in which he stood charged.

All in violation of Title 18, United States Code, Section 1503.

## MAIL FRAUD FORFEITURE ALLEGATIONS
### (18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461(c))

1.     The allegations of Counts One through Seven of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1341 the defendant,

> OLEKSIY SHARAPKA, a/k/a, Andrew Schwamkoff, a/k/a,
> Alexis Llanos, a/k/a, Deniss Bobrovski,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offenses, including all property previously seized by the Roswell Police Department, the United States Secret Service, the Boston Police Department and the Federal Bureau of Investigation, including but not limited to $15,680 in United States currency; an HP Pavilion Laptop computer, model number ZX5280US, serial number LND4260DCC; a Magnetic Card Writer, model number MSR206-3HL, serial number A009524; various computer equipment, digital cameras, clothing, and other items that had been purchased online and shipped to addresses in Georgia and Massachusetts, as well as a Franck Muller 1996 Master Banker Men's Watch 5850.

3.     If any of the property described in paragraph 2 hereof as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant --

> a.  cannot be located upon the exercise of due diligence;

> b.  has been transferred to, sold to, or deposited with a third party;

     c.  has been placed beyond the jurisdiction of this Court;

     d.  has been substantially diminished in value; or

     e.  has been commingled with other property which cannot be divided without

     difficulty;

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c),

incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of all other

property of the defendant up to the value of the property described in subparagraphs a through e

of this paragraph.

     All pursuant to Title 18, United States Code, Section 981 and Title 28, United States

Code, Section 2461(c).

**IDENTITY THEFT AND ACCESS DEVICE FRAUD**
**FORFEITURE ALLEGATIONS**
**(18 U.S.C. § 982(a)(2)(B), 18 U.S.C. § 1028(b) and 18 U.S.C. § 1029(c)(1)(C))**

1.     The allegations of Counts Seven through Ten of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 1028(b) and 1029(c)(1)(C).

2.     Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1028 and 1029, the defendant,

OLEKSIY SHARAPKA, a/k/a, Andrew Schwamkoff, a/k/a,
Alexis Llanos, a/k/a, Deniss Bobrovski,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(B) any property that constitutes, or is derived from, proceeds the person obtained, directly or indirectly, as the result of such offense.

3.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1028 and 1029, the defendant,

OLEKSIY SHARAPKA, a/k/a, Andrew Schwamkoff, a/k/a,
Alexis Llanos, a/k/a, Deniss Bobrovski,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 1028(b) and 1029(c)(1)(C), any property used or intended to be used to commit such offense, including all property previously seized by the Roswell Police Department, the United States Secret Service, the Boston Police Department and the Federal Bureau of Investigation, including but not limited to $15,680 in United States currency; an HP Pavilion Laptop computer, model number ZX5280US, serial number LND4260DCC; a Magnetic Card Writer, model number MSR206-3HL, serial number A009524; various computer equipment, digital cameras, clothing, and other items that had been purchased online and shipped to addresses in Georgia and Massachusetts, as

well as a Franck Muller 1996 Master Banker Men's Watch 5850.

      4.    If any of the property described in paragraphs 2 and 3 hereof as being forfeitable,

as a result of any act or omission of the defendant --

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred to, sold to, or deposited with a third party;

      c.  has been placed beyond the jurisdiction of this Court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without

      difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Sections

982(b)(1), 1028(g) and 1029(c)(2)(C)(2), incorporating Title 21, United States Code, Section

853(p), to seek forfeiture of all other property of the defendant up to the value of the property

described in subparagraphs a through e of this paragraph.

      All pursuant to Title 18, United States Code, Section 981 and Title 28, United States

Code, Section 2461(c).


                    Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

      By:    /s/ Seth P. Berman
                    SETH P. BERMAN
                    Assistant U.S. Attorney

Date:   April 11, 2006