UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )
                Plaintiff,       )
            v.                   )    Criminal No. 05-10004-PBS
                                 )
OLEKSIY SHARAPKA                 )
   a/k/a  "Andrew Schwamkoff",)
          "Alex Llanos", and   )
          "Deniss Bobrovski",  )
               Defendant.       )

## UNITED STATES' MOTION FOR ISSUANCE
## OF A PRELIMINARY ORDER OF FORFEITURE

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853, incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2).  A proposed Preliminary Order is submitted herewith.  In support thereof, the United States sets forth the following:

1.   On or about April 12, 2006, an Information was filed with the Court, charging Defendant Oleksiy Sharapka, a/k/a "Andrew Schwamkoff", "Alex Llanos", and "Deniss Bobrovski" ("Sharapka" or the "Defendant"), with the following violations: Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Count One); Mail Fraud, in violation of 18 U.S.C. §§ 1341, 3147 and 2 (Counts Two through Six); Possession, with Intent to Use Unlawfully, Five or More False Identification Documents, in violation of 18 U.S.C.

§§ 1028(a)(3), 3147 and 2 (Count Seven); Possession, with Intent to Defraud, Fifteen or More Unauthorized Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Eight); Possession, with Intent to Defraud, Fifteen or More Unauthorized Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Nine); Possession, with Intent to Defraud, Device-Making Equipment, in violation of 18 U.S.C. §§ 1029(a)(4), 3147 and 2 (Count Ten); Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (Counts Eleven and Twelve); and Obstruction of Justice, in violation of 18 U.S.C. § 1503 (Count Thirteen).

2.    The Information also included two forfeiture allegations.  The Mail Fraud Forfeiture Allegations of the Information sought the forfeiture, as a result of committing one or more of the Mail Fraud offenses alleged in Counts One through Seven of the Information, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including all property previously seized by the Roswell Police Department, the United States Secret Service, the Boston Police Department and the Federal Bureau of Investigation.  The specific assets to be forfeited included, without limitation, the following: $15,680 in United States Currency; an HP Pavilion Laptop computer, model number ZX5280US, serial number LND4260DCC; a Magnetic Card Writer, model number MSR206-3HL, serial number A009524; various computer equipment,

2

digital cameras, clothing, and other items that had been
purchased online and shipped to addresses in Georgia and
Massachusetts; and a Franck Muller 1996 Master Banker Men's Watch
5850, (collectively, the "Property").

3.    The Identify Theft and Access Device Fraud Forfeiture
Allegations of the Information sought the forfeiture, as a result
of committing one or more of the Identify Theft and Access Device
Fraud offenses alleged in Counts Seven through Ten of the
Information, of any property, real or personal, that constitutes
or is derived from proceeds traceable to the commission of the
offenses, including all property previously seized by the Roswell
Police Department, the United States Secret Service, the Boston
Police Department and the Federal Bureau of Investigation.  The
specific assets to be forfeited included, without limitation, the
Property.

4.    The Information further provided that, if any of the
property described as being forfeitable pursuant to 28 U.S.C. §
2461, 18 U.S.C. §§ 981, 982, 1028, or 1029, as a result of any
act or omission by the Defendant, (a) cannot be located upon the
exercise of due diligence; (b) has been transferred or sold to,
or deposited with, a third party; (c) has been placed beyond the
jurisdiction of the Court; (d) has been substantially diminished
in value; or (e) has been commingled with other property which
cannot be divided without difficulty, it is the intention of the

United States, pursuant to 21 U.S.C. §853(p), incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2), to seek forfeiture of all other property of the Defendant up to the value of the property described above.

5.    On or about May 4, 2006, Sharapka pled guilty to Counts One through Thirteen of the Information.  At a hearing pursuant to Rule 11 of the Federal Criminal Rules of Procedure, the United States provided the Court with a basis for the forfeiture alleged in the Information, and the Court advised the Defendant of the applicable forfeitures.

6.    Based upon the Defendant's guilty plea, the United States has established the requisite nexus between the Property and the offenses to which the Defendant has pleaded guilty. Accordingly, the Property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 853, incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2).

7.    As a result of Sharapka's guilty plea, and pursuant to 21 U.S.C. § 853(a), as incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Property, or substitute assets in a value up to the value of the Property.  See Rule 32.2(b)(2); 21 U.S.C. § 853(p);

4

<u>United States v. Candelaria-Silva</u>, 166 F.3d 19, 41 (1st Cir. 1999).

8.    Upon the issuance of a Preliminary Order of Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the Property and will publish notice in a newspaper of general circulation of the Court's Order and of the Unites States' intent to dispose of the Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n), as incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2).

WHEREFORE, the United States requests that this Court:

(a)    enter the Preliminary Order of Forfeiture in the form submitted herewith;

(b)    include the forfeiture, as set forth in the Preliminary Order of Forfeiture, in the oral pronouncement of the Defendant's sentence; and

(c)    incorporate the Preliminary Order of Forfeiture in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal Procedure 32.2(b)(3).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,

/s/ Kristina E. Barclay
SETH BERMAN
KRISTINA E. BARCLAY
Assistant U.S. Attorneys
United States Courthouse
Suite 9200
1 Courthouse Way
Boston, MA 02210
Date: May 18, 2006                              (617) 748-3100

### CERTIFICATE OF SERVICE

I, Kristina E. Barclay, Assistant United States Attorney, do
hereby certify that this document filed through the ECF system
will be sent electronically to the registered participants as
identified on the Notice of Electronic Filing.

/s/ Kristina E. Barclay
Kristina E. Barclay
Assistant U.S. Attorney

Dated: May 18, 2006

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
            Plaintiff,    )
        v.            )    Criminal No. 05-10004-PBS
                )
OLEKSIY SHARAPKA        )
  a/k/a  "Andrew Schwamkoff",)
        "Alex Llanos", and  )
        "Deniss Bobrovski", )
            Defendant.    )

### PRELIMINARY ORDER OF FORFEITURE

**SARIS, D.J.,**

WHEREAS, on or about April 12, 2006, an Information was
filed with the Court, charging Defendant Oleksiy Sharapka, a/k/a
"Andrew Schwamkoff", "Alex Llanos", and "Deniss Bobrovski"
("Sharapka" or the "Defendant"), with the following violations:
Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Count One);
Mail Fraud, in violation of 18 U.S.C. §§ 1341, 3147 and 2 (Counts
Two through Six); Possession, with Intent to Use Unlawfully, Five
or More False Identification Documents, in violation of 18 U.S.C.
§§ 1028(a)(3), 3147 and 2 (Count Seven); Possession, with Intent
to Defraud, Fifteen or More Unauthorized Access Devices, in
violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Eight);
Possession, with Intent to Defraud, Fifteen or More Unauthorized
Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2
(Count Nine); Possession, with Intent to Defraud, Device-Making
Equipment, in violation of 18 U.S.C. §§ 1029(a)(4), 3147 and 2
(Count Ten); Aggravated Identity Theft, in violation of 18 U.S.C.
§§ 1028A and 2 (Counts Eleven and Twelve); and Obstruction of

Justice, in violation of 18 U.S.C. § 1503 (Count Thirteen);

WHEREAS, the Mail Fraud Forfeiture Allegations of the Information sought the forfeiture, as a result of committing one or more of the Mail Fraud offenses alleged in Counts One through Seven of the Information, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including all property previously seized by the Roswell Police Department, the United States Secret Service, the Boston Police Department and the Federal Bureau of Investigation, and specifically including without limitation, $15,680 in United States Currency; an HP Pavilion Laptop computer, model number ZX5280US, serial number LND4260DCC; a Magnetic Card Writer, model number MSR206-3HL, serial number A009524; various computer equipment, digital cameras, clothing, and other items that had been purchased online and shipped to addresses in Georgia and Massachusetts; and a Franck Muller 1996 Master Banker Men's Watch 5850, (collectively, the "Property");

WHEREAS, the Identify Theft and Access Device Fraud Forfeiture Allegations of the Information sought the forfeiture, as a result of committing one or more of the Identify Theft and Access Device Fraud offenses alleged in Counts Seven through Ten of the Information, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including all property previously

2

seized by the Roswell Police Department, the United States Secret Service, the Boston Police Department and the Federal Bureau of Investigation, and specifically including, without limitation, the Property;

WHEREAS, the Information further provided that, if any of the property described as being forfeitable pursuant to 28 U.S.C. § 2461, 18 U.S.C. §§ 981, 982, 1028, or 1029, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. §853(p), incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2), to seek forfeiture of all other property of the Defendant up to the value of the property described above;

WHEREAS, on or about May 4, 2006, Sharapka pled guilty to Counts One through Thirteen of the Information, and at a hearing pursuant to Rule 11 of the Federal Criminal Rules of Procedure, the United States provided the Court with a basis for the forfeiture alleged in the Information, and the Court advised the Defendant of the applicable forfeitures;

3

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1.     The United States' Motion for Issuance of a Preliminary Order of Forfeiture is granted.

2.     The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea, that the government has established the requisite nexus between the Property and the offenses to which the Defendant pleaded guilty.  Accordingly, all of the Defendant's interests in the Property are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p), incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2).

3.     If the Property, as a result of any act or omission by Sharapka, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of Sharapka, up to the value of the Property, pursuant to 21 U.S.C. § 853(p), incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2).

4

4.    The United States Marshals Service shall seize the
Property and hold it in its secure custody and control.

5.    Upon the issuance of this Preliminary Order of
Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States
Marshals Service will publish at least once for three successive
weeks in a newspaper of general circulation, notice of this
Preliminary Order, notice of the United States' intent to dispose
of the Property in such manner as the Attorney General or his
designee may direct, and notice that any person, other than the
Defendant, having or claiming a legal interest in the Property
must file a petition with the Court within thirty (30) days of
the final publication of notice or of receipt of actual notice,
whichever is earlier.  This notice shall state that the petition
shall be for a hearing to adjudicate the validity of the
petitioner's alleged interest in the Property, shall be signed by
the petitioner under penalty of perjury and shall set forth the
nature and extent of the petitioner's right, title or interest in
the forfeited Property and any additional facts supporting the
petitioner's claim and the relief sought.  The United States may
also, to the extent practicable, provide direct written notice to
any person known to have alleged an interest in the Property that
is the subject of the Preliminary Order of Forfeiture, as a
substitute for published notice as to those persons so notified.

6.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of

Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

 

 

                                        _____

                                        PATTI B. SARRIS
                                        United States District Judge

Dated: _____