Case 1:05-cr-10004-PBS    Document 54-2    Filed 07/10/2006    Page 1 of 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>        Plaintiff, )<br>    v. )<br>         )<br>OLEKSIY SHARAPKA )<br>  a/k/a  "Andrew Schwamkoff",)<br>        "Alex Llanos", and )<br>        "Deniss Bobrovski", )<br>        Defendant. ) | Criminal No. 05-10004-PBS |

### AMENDED PRELIMINARY ORDER OF FORFEITURE

**SARIS, D.J.,**

    WHEREAS, on or about April 12, 2006, an Information was filed with the Court, charging Defendant Oleksiy Sharapka, a/k/a "Andrew Schwamkoff", "Alex Llanos", and "Deniss Bobrovski" ("Sharapka" or the "Defendant"), with the following violations: Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Count One); Mail Fraud, in violation of 18 U.S.C. §§ 1341, 3147 and 2 (Counts Two through Six); Possession, with Intent to Use Unlawfully, Five or More False Identification Documents, in violation of 18 U.S.C. §§ 1028(a)(3), 3147 and 2 (Count Seven); Possession, with Intent to Defraud, Fifteen or More Unauthorized Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Eight); Possession, with Intent to Defraud, Fifteen or More Unauthorized Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Nine); Possession, with Intent to Defraud, Device-Making Equipment, in violation of 18 U.S.C. §§ 1029(a)(4), 3147 and 2 (Count Ten); Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A and 2 (Counts Eleven and Twelve); and Obstruction of

Justice, in violation of 18 U.S.C. § 1503 (Count Thirteen);

WHEREAS, the Mail Fraud Allegations of the Information sought the forfeiture, as a result of committing one or more of the Mail Fraud offenses alleged in Counts One through Seven of the Information, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including all property previously seized by the Roswell Police Department, the United States Secret Service, the Boston Police Department and the Federal Bureau of Investigation, and specifically including without limitation, $15,680 in United States Currency; an HP Pavilion Laptop computer, model number ZX5280US, serial number LND4260DCC; a Magnetic Card Writer, model number MSR206-3HL, serial number A009524; various computer equipment, digital cameras, clothing, and other items that had been purchased online and shipped to addresses in Georgia and Massachusetts, and a Franck Muller 1996 Master Banker Men's Watch 5850, (collectively, the "Property");

WHEREAS, the Identify Theft and Access Device Fraud Forfeiture Allegations of the Information sought the forfeiture, as a result of committing one or more of the Identify Theft and Access Device Fraud offenses alleged in Counts Seven through Ten of the Information, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including all property previously

seized by the Roswell Police Department, the United States Secret Service, the Boston Police Department and the Federal Bureau of Investigation, and specifically including, without limitation, the Property;

WHEREAS, the Information further provided that, if any of the property described as being forfeitable pursuant to 28 U.S.C. § 2461, 18 U.S.C. §§ 981, 982, 1028, or 1029, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. §853(p), incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2), to seek forfeiture of all other property of the Defendant up to the value of the property described above;

WHEREAS, on or about May 4, 2006, Sharapka pled guilty to Counts One through Thirteen of the Information, and at a hearing pursuant to Rule 11 of the Federal Criminal Rules of Procedure, the United States provided the Court with a basis for the forfeiture alleged in the Information, and the Court advised the Defendant of the applicable forfeitures;

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The United States' Motion for Issuance of a Preliminary Order of Forfeiture is granted.

2. The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, and based upon the Defendant's guilty plea, that the government has established the requisite nexus between the Property and the offenses to which the Defendant pleaded guilty. Accordingly, all of the Defendant's interests in the Property are hereby forfeited to the United States of America for disposition pursuant to 21 U.S.C. § 853(a) and (p), incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(b)(1), 1028(g) and 1029(c)(2).

3. If the Property, as a result of any act or omission by Sharapka, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of Sharapka, up to the value of the Property, pursuant to 21 U.S.C. § 853(p), incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(b)(1), 1028(g) and 1029(c)(2).

4.   The United States Secret Service shall hold the Property in its secure custody and control.

5.   Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Secret Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Property in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Currency, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

6.   Pursuant to Rule 32.2(b)(3) of the Federal Rules of

Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

Dated: 7/27/06

PATTI B. SARRIS
United States District Judge