UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                       )<br>)<br>OLEKSIY SHARAPKA                    )<br>    Defendant.                              ) | Crim. No. 05-cr-10004 PBS |

GOVERNMENT'S MOTION FOR RESTITUTION

The United States, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Seth P. Berman, moves that the Court order the defendant, Oleksiy Sharapka, to pay restitution according to the schedule described below.

I.  Background

On May 4, 2006, defendant Sharapka entered a plea of guilty to the Superseding Information. On October 23, 24 and 25, 2006, the Court held a sentencing hearing in this matter. During that hearing, defendant and the government stipulated that the total intended loss pursuant to U.S.S.G. § 2B1.1 was between $400,000 and $1,000,000. The Court also found that, based on the testimony of the witnesses and the other evidence presented during the hearing, this estimate of intended loss was a reasonable estimate. The estimate was based on several things: products known to have been delivered to the defendant (some of which were seized, and thus are not subject to a restitution order), the credit limit of credit card numbers found in the defendant's possession, the number of credit cards without known credit limits found in the defendant's possession multiplied by $500 (pursuant to U.S.S.G. § 2B1.1, Note (3)(F)(1)), and records from credit cards companies demonstrating the value of some of the defendant's fraudulent transactions (but which do not make clear what actual victim suffered the loss). Of course, not

all the intended loss can be subject to an order of restitution.

The Court also heard extensive testimony regarding the complication of tying particular actual losses to particular victims. Among other things, these complications included record keeping problems with banks and other companies regarding old losses, complicated and inconsistent rules about who suffers the loss when an identity fraud victim's information is used fraudulently to purchase goods from a retailer using a credit card issued by a particular bank, and merchants who do not keep records of fraud loss in enough detail to tie to a particular offense.[1] Because the appropriate restitution amount was not known at the time of sentencing, the Court refrained from setting a restitution amount at that hearing, and directed the government to file within 90 days a proposed restitution schedule. The Court requested that the Government contact each victim named on the restitution schedule and ensure that each victim could confirm that it lost the specific amount of money stated on the schedule. This Motion is in response to that order.

The following is the requested schedule of restitution due in this case. As requested by the Court, the government has only included those losses that could be personally confirmed by the victims:

---

[1] The Court heard testimony that when an identity fraud victim's information is used to obtain a credit card in the identity fraud victims name, and the credit card is in turn used to purchase an item over the internet, there are several possible victims: the identity theft victim, the bank that issued the credit card, and the vendor that sold the merchandise. The Court also heard that in almost all instances, the vendor that sold the merchandise ultimately have to pay for the fraud. However, the Court heard that oftentimes the banks and the vendors did not keep detailed records of the frauds, making it extremely difficult in retrospect to link a particular fraud (even if its amount was known) to a particular victim.

Amazon.com
Fraud Department
P.O. Box 81226
Seattle, WA 98108
$1,372.77

Capital One Bank
15000 Capital One Drive
Richmond, VA 23238
$4,034.95

Chase Bank USA
2500 Westfield Drive
Elgin, IL 60123
$1,438.99

Circuit City
225 Chastain Meadows Court
Kennesaw, GA 30144
$179.50

Citibank N.A.
1 Court Square
Long Island City, NY 11120
$1,032.00

Creative Computers
2555 W. 190th Street  Torrance
CA, 90504
$8,104.00

Direct Merchant's Credit Card Bank
10900 Wayzata Blvd.
Minnetonka, MN 55305
$3,159.98

Divers Direct
180 Gulfstream Way
DANIA BEACH, FL 33004
$437.96

Federal Credit Union
7301 Pacific Street A-11
Omaha, NE 68114
$779.95

Hewlett Packard Company
11311 Chinden Blvd.
Mail Stop 0137
Bosie, ID 83714
Attn: Annemarie Kaus
$5,802.77

Navy Federal Credit Union
820 Frollin Lane
Vienna, VA 22180
$1,858.97

Nike.com
Bowerman Drive
Beavertown, OR 97005
Attn: Brent Viglione
$165.99

Sam Ash Music
P.O. Box 9047
Hicksville, NY 11802
Attn: Elaine Finn
$2,251.09

Softman Products
13470 Washington Blvd.
Marina Del Ray, CA  90292
$4,196.25

Walmart
702 SW 8th Street
Bentonville, AR 72716
$4,083.00

WHEREFORE, the United States respectfully request that defendant Sharapka pay restitution in the amounts listed above.

          Respectfully Submitted,

          MICHAEL J. SULLIVAN
          United States Attorney
          By:

          /s/ Seth P. Berman
          SETH P. BERMAN
          Assistant U.S. Attorney
          (617) 748-3385

Dated:      December 11, 2006