```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
         v.                   )   Criminal No. 05-10004-PBS
                              )
OLEKSIY SHARAPKA              )
  a/k/a  "Andrew Schwamkoff", )
         "Alex Llanos", and   )
         "Deniss Bobrovski",  )
              Defendant.      )
```

**UNITED STATES' MOTION**
**FOR FINAL ORDER OF FORFEITURE**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Final Order of Forfeiture in the above-captioned case pursuant to Title 21, United States Code, Section 853, incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2). A proposed Final Order of Forfeiture is submitted herewith. In support thereof, the United States sets forth the following:

  1. On or about April 12, 2006, an Information was filed with the Court, charging Defendant Oleksiy Sharapka, a/k/a "Andrew Schwamkoff", "Alex Llanos", and "Deniss Bobrovski" (the "Defendant"), with the following violations: Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Count One); Mail Fraud, in violation of 18 U.S.C. §§ 1341, 3147 and 2 (Counts Two through Six); Possession, with Intent to Use Unlawfully, Five or More False Identification Documents, in violation of 18 U.S.C. §§

1028(a)(3), 3147 and 2 (Count Seven); Possession, with Intent to Defraud, Fifteen or More Unauthorized Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Eight); Possession, with Intent to Defraud, Fifteen or More Unauthorized Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Nine); Possession, with Intent to Defraud, Device-Making Equipment, in violation of 18 U.S.C. §§ 1029(a)(4), 3147 and 2 (Count Ten); Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (Counts Eleven and Twelve); and Obstruction of Justice, in violation of 18 U.S.C. § 1503 (Count Thirteen).

    2.   The Information also included two forfeiture allegations. The Mail Fraud Forfeiture Allegations of the Information sought the forfeiture, as a result of committing one or more of the Mail Fraud offenses alleged in Counts One through Seven of the Information, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including all property previously seized by the Roswell Police Department, the United States Secret Service, the Boston Police Department and the Federal Bureau of Investigation. The specific assets to be forfeited included, without limitation, the following: $15,680 in United States Currency; an HP Pavilion Laptop computer, model number ZX5280US, serial number LND4260DCC; a Magnetic Card Writer, model number MSR206-3HL, serial number A009524; various computer equipment,

digital cameras, clothing, and other items that had been purchased online and shipped to addresses in Georgia and Massachusetts; and a Franck Muller 1996 Master Banker Men's Watch 5850, (collectively, the "Property").

3. The Identify Theft and Access Device Fraud Forfeiture Allegations of the Information sought the forfeiture, as a result of committing one or more of the Identify Theft and Access Device Fraud offenses alleged in Counts Seven through Ten of the Information, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including all property previously seized by the Roswell Police Department, the United States Secret Service, the Boston Police Department and the Federal Bureau of Investigation. The specific assets to be forfeited included, without limitation, the Property.

4. The Information further provided that, if any of the property described as being forfeitable pursuant to 28 U.S.C. § 2461, 18 U.S.C. §§ 981, 982, 1028, or 1029, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the

United States, pursuant to 21 U.S.C. §853(p), incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2), to seek forfeiture of all other property of the Defendant up to the value of the property described above.

5.   On May 4, 2006, the Defendant pled guilty to Counts One through Thirteen of the Information.  At a hearing pursuant to Rule 11 of the Federal Criminal Rules of Procedure, the United States provided the Court with a basis for the forfeiture alleged in the Information, and the Court advised the Defendant of the applicable forfeitures.

6.   On July 27, 2006, this Court issued a Preliminary Order of Forfeiture, forfeiting the Defendant's interest in the Property.  See Docket No. 55.

7.   Notice of the Preliminary Order of Forfeiture was sent to all interested parties, and published in the Boston Herald on September 28, 2006, October 5, 2006, and October 12, 2006.

8.   No claims of interest in the Property have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on November 13, 2006.

    WHEREFORE, the United States respectfully moves that this Court enter a Final Order of Forfeiture against the Property in the form submitted herewith.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL J. SULLIVAN<br>United States Attorney, |
|  | /s/ Kristina E. Barclay<br>SETH BERMAN<br>KRISTINA E. BARCLAY<br>Assistant U.S. Attorneys<br>United States Courthouse<br>Suite 9200<br>1 Courthouse Way<br>Boston, MA 02210 |
| Date: March 9, 2007 | (617) 748-3100 |

**CERTIFICATE OF SERVICE**

    I, Kristina E. Barclay, Assistant United States Attorney, do hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                    /s/ Kristina E. Barclay
                                    Kristina E. Barclay
                                    Assistant U.S. Attorney

Dated: March 9, 2007

```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
          v.                    )   Criminal No. 05-10004-PBS
                                )
OLEKSIY SHARAPKA                )
  a/k/a  "Andrew Schwamkoff",)
         "Alex Llanos", and  )
         "Deniss Bobrovski",  )
            Defendant.       )
```

### FINAL ORDER OF FORFEITURE

**SARIS, D.J.**

WHEREAS, on or about April 12, 2006, an Information was filed with the Court, charging Defendant Oleksiy Sharapka, a/k/a "Andrew Schwamkoff", "Alex Llanos", and "Deniss Bobrovski" ("Sharapka" or the "Defendant"), with the following violations: Mail Fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Count One); Mail Fraud, in violation of 18 U.S.C. §§ 1341, 3147 and 2 (Counts Two through Six); Possession, with Intent to Use Unlawfully, Five or More False Identification Documents, in violation of 18 U.S.C. §§ 1028(a)(3), 3147 and 2 (Count Seven); Possession, with Intent to Defraud, Fifteen or More Unauthorized Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Eight); Possession, with Intent to Defraud, Fifteen or More Unauthorized Access Devices, in violation of 18 U.S.C. §§ 1029(a)(3) and 2 (Count Nine); Possession, with Intent to Defraud, Device-Making Equipment, in violation of 18 U.S.C. §§ 1029(a)(4), 3147 and 2 (Count Ten); Aggravated Identity Theft, in violation of 18 U.S.C. §§ 1028A and 2 (Counts Eleven and Twelve); and Obstruction of

Justice, in violation of 18 U.S.C. § 1503 (Count Thirteen);

WHEREAS, the Mail Fraud Forfeiture Allegations of the Information sought the forfeiture, as a result of committing one or more of the Mail Fraud offenses alleged in Counts One through Seven of the Information, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including all property previously seized by the Roswell Police Department, the United States Secret Service, the Boston Police Department and the Federal Bureau of Investigation, and specifically including without limitation, $15,680 in United States Currency; an HP Pavilion Laptop computer, model number ZX5280US, serial number LND4260DCC; a Magnetic Card Writer, model number MSR206-3HL, serial number A009524; various computer equipment, digital cameras, clothing, and other items that had been purchased online and shipped to addresses in Georgia and Massachusetts; and a Franck Muller 1996 Master Banker Men's Watch 5850, (collectively, the "Property");

WHEREAS, the Identify Theft and Access Device Fraud Forfeiture Allegations of the Information sought the forfeiture, as a result of committing one or more of the Identify Theft and Access Device Fraud offenses alleged in Counts Seven through Ten of the Information, of any property, real or personal, that constitutes or is derived from proceeds traceable to the commission of the offenses, including all property previously

seized by the Roswell Police Department, the United States Secret Service, the Boston Police Department and the Federal Bureau of Investigation, and specifically including, without limitation, the Property;

WHEREAS, the Information further provided that, if any of the property described as being forfeitable pursuant to 28 U.S.C. § 2461, 18 U.S.C. §§ 981, 982, 1028, or 1029, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 21 U.S.C. §853(p), incorporated by reference in 28 U.S.C. § 2461(c), and 18 U.S.C. §§ 982(b)(1), 1028(g) and 1029(c)(2), to seek forfeiture of all other property of the Defendant up to the value of the property described above;

WHEREAS, on or about May 4, 2006, Sharapka pled guilty to Counts One through Thirteen of the Information, and at a hearing pursuant to Rule 11 of the Federal Criminal Rules of Procedure, the United States provided the Court with a basis for the forfeiture alleged in the Information, and the Court advised the Defendant of the applicable forfeitures;

WHEREAS, on July 27, 2006, this Court issued a Preliminary Order of Forfeiture, forfeiting the Defendant's interest in the Property;

WHEREAS, notice of the Preliminary Order of Forfeiture was sent to all interested parties, and published in the <u>Boston Herald</u> on September 28, 2006, October 5, 2006, and October 12, 2006; and

WHEREAS, no claims of interest in the Property have been filed with the Court or served on the United States Attorney's Office, and the time within which to do so expired on November 13, 2006.

THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that:

1.  The United States' motion for final order of forfeiture is allowed.

2.  The Property is hereby forfeited to the United States of America in accordance with 21 U.S.C. §853, and Rule 32.2 of the Federal Rules of Criminal Procedure.  The United States shall have clear title to the Property.

3.  Any parties having any right, title, or interest in the Property are hereby held in default.

4.  The United States Secret Service is hereby authorized to dispose of the Property in accordance with applicable law.

5.  This Court shall retain jurisdiction to enforce this order and to amend it as necessary, pursuant to Rule 32.2(c) of

the Federal Rules of Criminal Procedure.

    DONE AND ORDERED in Boston, Massachusetts, this \_\_\_ day of _____, 2007.

                                                               _____
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE