UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| OLEKSIY SHARAPKA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CRIMINAL NO. 05-10004-PBS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

June 17, 2011

Saris, U.S.D.J.

Oleksiy Sharapka pleaded guilty to mail fraud, aggravated identity theft and other violations of federal law, and after a lengthy evidentiary hearing, he was sentenced to 121 months of incarceration. He timely moved to vacate his sentence under 28 U.S.C. § 2255 on the ground that his counsel was ineffective. In its Memorandum and Order on May 16, 2011, the Court denied in part the petition, but requested further briefing on the applicability of § 2B1.1(b)(4) of the United States Sentencing Guidelines, which provides a two level enhancement "if the offense involved receiving stolen property, and the defendant was in the business of receiving and selling stolen property." See Memorandum and Order, May 16, 2011, Doc. No. 128 ("Order"). The

full factual and legal background is set forth in that Order, with which the Court assumes familiarity.

As background, Sharapka's trial attorney did not object to the 2-level enhancement for receiving stolen property and stated that he did not research the applicability of the enhancement. In his petition for § 2255 relief, Sharapka argued that failure to research the applicability of the enhancement was ineffective and that he was prejudiced by this failure because the enhancement should apply only to "fences"- that is, people who receive stolen property from others and resell it - and not to people who actually steal the goods themselves. See United States v. McMinn, 103 F.3d 216, 219 (1st Cir. 1997). In its May 16 Order, the Court concluded there was no evidence that Sharapka ordered the goods himself in the Massachusetts scheme. Instead, others ordered the merchandise and had the stolen goods shipped to Sharapka's drop addresses. He received the stolen merchandise and then reshipped it to others, who then either re-re-shipped it or re-sold it. Sharapka was the middleman.

At this stage, in an effort to challenge the applicability of the enhancement under McMinn, Sharapka argues that he did order some of the goods, making him the "thief," and that he aided and abetted the theft of the rest. Even if true, under McMinn he could still receive the enhancement if he was also in the business of fencing. See McMinn, 103 F.3d at 222 ("Nothing prevents a professional thief from also conducting a fencing

operation of sufficient size and continuity to qualify for

the . . . enhancement; criminals, too, may have more than one

line of business.").

In the course of reviewing the record to make this

determination, though, the Court could find no evidence to the

effect that Sharapka actually resold the goods.  As the Court

noted previously,

> McMinn suggests that the plain language of the
> enhancement controls its application. See McMinn, 103
> F.3d at 220 ("Thus, a fair reading of the plain
> language employed in section 2B1.1(b)(4)(B) strongly
> suggests that a defendant engaged in selling only the
> property he is responsible for stealing has not
> 'received' it in the sense contemplated by the
> Sentencing Commission.").  Just as the enhancement
> would have been improper if Sharapka had not "received"
> the goods (that is, if he had stolen them himself), so
> it would have been improper in the absence of evidence
> that Sharapka had sold the goods in keeping with the
> language of § 2B1.1(b)(4), which states that it applies
> where "the defendant was a person in the business of
> receiving *and selling* stolen property" (emphasis
> added).

Id.

In its supplemental filing, the Government concedes that

there is no record evidence that Sharapka resold stolen goods

himself as opposed to merely picking them up at a mail order box

and reshipping them to others in New York, who then sent them to

the Ukraine, where they were resold.  The Government contends

that Sharapka nonetheless played a key role in the resale

operation, and therefore deserved the enhancement.  The

Government points out that there is evidence that Misha, the

ultimate seller, would split the cash proceeds with Sharapka, so
that Sharapka received a 20 percent profit.  The argument goes
that by pleading guilty to the mail fraud scheme, which included
both buying and selling stolen goods, Sharapka aided and abetted
the resale operation as part of the scheme.  However, there is
little to no evidence about the sale of the merchandise in the
Ukraine or Sharapka's role, if any, in that resale.  There is
evidence that he shipped the goods to a warehouse in New York,
placing him yet another step removed from the ultimate resale.
See Order at 17.  While it is possible he had a greater role in
the fencing operation in the Ukraine, the Government bears the
burden on the point, and has failed to meet it.  In any event, to
the extent he aided and abetted the resale, he also aided and
abetted the theft, which is problematic under McMinn.

   The Government argues that this failure to challenge the
enhancement was not objectively unreasonable because, prior to
the Court's raising the issue in its Order, neither of
defendant's attorneys in the case had brought it up.  However,
the record in the case is complex, and involved multiple days of
evidentiary hearings and two separate identity theft schemes.
While habeas counsel missed the resale issue, he did make
arguments concerning the propriety of the enhancement.  There was
no apparent tactical reason for defense counsel not to make the
resale argument, because Sharapka's consistent and vocal position
was that he was just the middleman in Massachusetts.  The failure

4

could not have been strategic.  The Court finds it was
objectively unreasonable for Sharapka's trial attorney not to
research and then object to the enhancement on the grounds that
Sharapka did not resell the goods.  The error was also
prejudicial, thereby satisfying both prongs for ineffective
assistance of counsel under <u>Strickland v. Washington</u>, 46 U.S. 668
(1984).


<div align="center">**<u>ORDER</u>**</div>

Sharapka's Motion to Vacate under 28 U.S.C. § 2255 is
**<u>ALLOWED</u>** as to this one issue.  Counsel shall inform the court
whether it should simply reduce the sentence by two levels or
must hold a re-sentencing hearing.


<div style="margin-left: 50%;">
 /s/PATTI B. SARIS
PATTI B. SARIS
United States District Judge
</div>